**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION**

| | |
|---|---|
| **TYRONE DEMARIO DONER,** )<br>)<br>    Plaintiff,    )<br>)<br>    v.    )<br>)<br>**DAVID JOHNSON, et al.,** )<br>)<br>    Defendants.    ) | CIVIL ACTION NO.<br>3:24cv638-MHT<br>(WO) |

**OPINION**

On October 17, 2024, the court entered a order (Doc. 3) requiring plaintiff to submit an inmate account statement by October 31, 2024. When he failed to do so, the court ordered him to file the required inmate account statement by January 10, 2025 (Doc. 4), but he again failed to comply with the court's orders.

Because of plaintiff's failure to comply with the court's orders, the court concludes this case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that dismissal for failure to obey a court order is generally not an abuse of discretion where litigant has been

forewarned). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

Accordingly, this case will be dismissed without prejudice.

An appropriate judgment will be entered separately.

DONE, this the 31st day of January, 2025.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

2